IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-141-FL

| | |
|---|---|
| MITCHELL R. SMALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)     ORDER<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (DE ## 19, 21). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") wherein he recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's final decision (DE # 25). Plaintiff timely filed an objection to the M&R (DE # 26), and defendant did not file a response. In this posture, the matter is ripe for ruling. For the reasons that follow, the court accepts the magistrate judge's findings and recommendations, rejects plaintiff's objections to the M&R and upholds the decision denying further Disability Insurance Benefits ("DIB").

**STATEMENT OF THE CASE**

Plaintiff filed an application for DIB on August 18, 2003, alleging disability beginning on August 16, 2002. (R. at 58-60.) Plaintiff's claim was denied initially and upon reconsideration. (R. at 34-37, 40-41, 56-57.) On May 19, 2005, plaintiff appeared before an administrative law judge ("ALJ"). At this hearing, plaintiff was represented by counsel and a vocational expert testified. (R. at 384-411.) On July 13, 2006,

the ALJ issued a decision granting a closed period of disability and conferring DIB for the period from August 16, 2002 to April 6, 2005. (R. at 13-32.) Plaintiff requested a review of the ALJ's decision, alleging that his disability continued after April 6, 2005, and submitted additional evidence in support of his request. (R. at 12, 331-39.) The Appeals Council incorporated the additional evidence into the record but denied plaintiff's request for review on July 16, 2008. (R. at 6-9.) On September 5, 2008, plaintiff filed a complaint in this court seeking review of the ALJ's decision.

## DISCUSSION

A.  Standard of Review

This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Commissioner's denial of benefits. Pursuant to those sections, this court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in making such a determination, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(B). In addressing plaintiff's objection to the M&R, the court "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.  Plaintiff's Objections to the M&R

Plaintiff raises two objections to the magistrate judge's findings and recommendations. First, plaintiff contends that by considering additional evidence submitted to the Appeals Council, which incorporated the evidence into the record but declined to review the ALJ's decision, the magistrate judge impermissibly assumed the fact-finding role delegated to the ALJ. (Pl.'s Obj. 4.) Second, plaintiff argues that, assuming the ALJ's determination as of the date of the hearing was correct, the proper disposition would be for the court to remand to the ALJ for a determination of DIB for the period after that date. (Pl.'s Obj. 7.) Plaintiff contends that the pendency of the appeals process has rendered him ineligible to claim benefits from the date of the hearing, May 19, 2005, through August 2007, and that due process requires that he be given an opportunity to present evidence of disability during this period to an ALJ. (Pl.'s Obj. 8-9.) The court addresses these two objections in turn.

1.  New Evidence Submitted to the Appeals Council

Plaintiff first contends that the magistrate judge "engaged in impermissible *post hoc* rationalization for the three years after the record closed on May 19, 2005." (Pl.'s Obj. 4.) Specifically, plaintiff alleges that the magistrate judge "selectively emphasiz[ed] only the evidence that supported continued ability to work, and discount[ed] the medical information that reflected [plaintiff's] declining condition after his [ALJ]

hearing," which plaintiff characterizes as inappropriate *de novo* fact-finding. (Pl. Obj. 6.) Plaintiff argues that consideration of this newly submitted evidence should be the exclusive province of the ALJ. (Id.)

Contrary to plaintiff's allegations, the magistrate judge did not overstep the bounds of proper administrative review by considering the additional material submitted to the Appeals Council. As the Fourth Circuit has made clear, where a claimant submits additional evidence to the Appeals Council which is discounted, the court must review that additional evidence to engage in the "substantial evidence" determination. See Wilkins v. Sec'y, Heath & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). In this case, the magistrate judge reviewed the additional evidence submitted to the Appeals Council and determined that the evidence would not have changed the outcome of the ALJ's decision.[1] (M&R 10-13.) Reviewing the additional evidence as well as the evidence before the ALJ, the magistrate judge concluded that the ALJ's disability determination was supported by substantial evidence of medical improvement—specifically, improvement in symptoms, signs and laboratory findings associated with the impairment. (M&R 13-21). Because substantial evidence supports the ALJ's determination, the final decision of the Commissioner must be upheld.

2.  Resumption of Disability During Pendency of Review Process

Alternatively, plaintiff contends that due process dictates that this court remand for the period of time after the record was closed on May 19, 2005. Plaintiff's argument is premised on the fact that the

---

[1] The magistrate judge's review determined that the additional evidence did not meet the standard for consideration by the Appeals Council as set forth in the Social Security Administration's administrative regulations. See 20 C.F.R. §§ 404.970(b), 416.1470(b). A remand to the Appeals Council to consider the evidence is therefore unwarranted. See, e.g., Easton v. Astrue, No. 2:07-CV-00030, 2008 WL 4108084, at *3 (E.D.N.C. Aug. 29, 2008). To the extent that plaintiff's objection to the magistrate judge's consideration of the Appeals Council evidence extends to this aspect of the M&R, the objection is without merit.

4

Case 7:08-cv-00141-FL Document 27 Filed 09/22/09 Page 4 of 6

appeals process has taken such a considerable amount of time that he has been prejudiced in obtaining relief through a new filing for benefits or through a resumption of disability proceeding. Specifically, plaintiff alleges that the passing of thirty-eight (38) months from the hearing to the Appeals Council decision is prejudicial.

Though plaintiff cites no relevant authority for his proposition, the closest case on point appears to be Schomer v. Comm'r of Soc. Sec., 80 Fed. Appx. 242 (3d Cir. 2003) (unpublished), in which the Third Circuit rejected a similar due process challenge based on an appeals process lasting thirty-six (36) months. Though that court was "distressed by the undue length of time that the Commissioner took to dispose of [the] appeal," it recognized that the overwhelming number of appeals pending at any given time makes it difficult to resolve them with reasonable promptness, and that any such improvement to the timeliness of appeals decisions must be driven by "Congressional consideration and not judicial determination." Id. at 245. Additionally, the court concluded that, in light of the court's rejection of the underlying merits of the plaintiff's claim, she suffered no prejudice by the delay. Id.

In another similar case, Bush v. Shalala, 94 F.3d 40 (2d Cir. 1996), the Second Circuit rejected a due process claim based on a ten-year delay between the filing of the application for DIB and the ultimate administrative rejection of the claimant's case.[2] The court noted that "Congress gave the Secretary much discretion to deal with the millions of decisions she must make," id. at 46 (citing Richardson v. Perales, 402 U.S. 389, 399-400 (1971)), and that while "[r]equirements of due process apply [to the agency process], . . . what is adequate to meet those requirements is understandably different in such hearings than in judicial

---

[2] The ten-year delay in Bush was caused by multiple administrative hearings and remands from the district court rather than the one-time delay of three years between ALJ hearing and Appeals Council review at issue in the instant case. The court is not prepared to hold that a delay of similar length would comport with due process here.

5

trials." Id.

That the administrative appeals process in this case took more than three years is lamentable. Unfortunately, the delay encountered in this case is not uncommon. Then Commissioner Jo Anne B. Barnhart testified in 2003 that "the length of time required to move through the entire appeals process was 1153 days – 525 days due to backlogged cases and 628 days to move through the process." Hearing on the Social Security Administration's Management of the Office of Hearings and Appeals Before the Subcomm. on Soc. Sec. of the H. Comm. on Ways and Means, 108th Cong. 16 (2003) (statement of Jo Anne B. Barnhart, Commissioner). Other testimony at the hearing indicated that the backlog of cases waiting to be processed at any given time was more than 580,000. Id. at 73 (statement of Witold Skwierczynski, Social Security General Committee, American Federation of Government Employees). The court is constrained in this circumstance to agree with the reasoned opinion of the Third Circuit that the passage of three years between the ALJ hearing and the Appeals Council decision does not rise to a level constituting denial of due process.

## CONCLUSION

For the foregoing reasons, the court accepts in whole the magistrate judge's memorandum and recommendation, rejects plaintiff's objection, and upholds the Commissioner's decision. Accordingly, plaintiff's motion for judgment on the pleadings (DE #19) is DENIED, and defendant's motion for judgment on the pleadings (DE #21) is GRANTED. The clerk is directed to close the case.

SO ORDERED, this the 21st day of September, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge